## 9188

### BARRETT & CO. v. STILL *ET AL.*

#### (86 S. E. 204.)

DEEDS.  LIMITATIONS OF ESTATE.  RECORDING ACTS.  NOTICE.  FRAUDULENT CONVEYANCES.  BILLS AND NOTES.  EVIDENCE.

1. DEEDS—LIMITATIONS OF ESTATES.—A deed conveying lands for valuab.e consideration to A, together with all appurtenances, etc., to A for life, then to B, her heirs and assigns forever, with *habendum* and warranty unto A, his heirs and assigns, gave A only a life estate in the lands and a vested remainder therein to B.

2. NOTICE—RECORDING ACTS.—A guarantor of another's debt creates a new debt against himself when he makes such guarantees, and the creditors thereby induced to postpone the collection of such debts due them are subsequent creditors within the meaning of the recording acts, and as against them a prior unrecorded deed of which they had no notice at the time of such extension of credit is void.

3. BILLS AND NOTES—EVIDENCE.—Possession of a promissory note is *prima facie* evidence of ownership, and the burden is on the maker to show the contrary, or payment.

4. FRAUDULENT CONVEYANCES—EFFECT.—Where a deed from a husband to wife is vacated and set aside as void as to creditors, the wife, as widow, after her husband's death, is entitled to have both homestead and dower in the lands, attempted to be conveyed her to be set-off in kind, if practicable, and if impracticable, then to the money value of such rights.

5. FRAUDULENT CONVEYANCES.—A conveyance by a husband to his wife for love and affection is void as against existing creditors.

6. FRAUDULENT CONVEYANCES.—A wife who accepts from her husband a deed in fraud of subsequent creditors cannot participate with such creditors in sharing the proceeds of sale of the land, when the deed is vacated and set aside at their instance.

Before SEASE, J., Barnwell, February, 1914.    Modified.

A creditor's bill filed by Barrett & Company, a corporation duly created by and existing under the laws of the State of Georgia, in behalf of itself and all other creditors of H. D. Still, deceased, who may choose to come into this action and contribute to the expense thereof against H. D. Still, in his own right and as administrator of H. D. Still, deceased, Marian M. Still, relict of H. D. Still; L. C. Still and S. H. Still, heirs at law of H. D. Still, deceased; F. S. Royster Guano Company, a corporation created by and existing under the laws of the State of Virginia and South Carolina; Southern States Phosphate and Fertilizer Company, a corporation created by and existing under the laws of the State of Georgia; Pope & Fleming, a corporation organized and existing under the laws of the State of Georgia; and C. F. Rizer.

The facts are stated in the Circuit decree, which was as follows:

This action was instituted by Barrett & Company, a corporation, by Mr. Southall, plaintiff's attorney, claiming to be creditors of the late Mr. H. D. Still, on behalf of itself and all other creditors of H. D. Still, deceased.

The complaint alleges the death of Mr. H. D. Still on 19th April, 1913, intestate, leaving as his heirs his wife, Mrs. Marian M. Still, and three sons, H. D. Still, S. H. Still and

FOOTNOTE.—As to effect of other language in deed to cut down estate conveyed by granting clause, see notes in 12 L. R. A. (N. S.) 956, 24 *Ib.* 514, 42 *Ib.* 379; as to construction of *habendum* clause in connection with premises, see notes in 8 A. & E. Ann. Cas. 444; as to distinction between rights of existing and subsequent creditors, see notes in 1 L. R. A. 520; as to who are within protection of the recording acts, see note in 33 L. R. A. (N. S.) 61; as to who is a creditor entitled to attack a chattel mortgage on ground of failure to file, see note in Ann. Cas. 1912b, 1106. Failure to record conveyances as a fraud upon creditors, see notes in 13 L. R. A. 238; as to right of wife joining in deed set aside as fraudulent, to dower, see notes in 15 A. & E. Ann. Cas. 446.

L. C. Still; that H. D. Still administered in Barnwell county, on the estate of H. D. Still.

These parties, as well as certain creditors of H. D. Still, Sr., namely, the F. S. Royster Guano Company, Southern States Phosphate and Fertilizer Company, and Pope & Fleming, corporations, are made defendants.

The complaint alleges the debt of Mr. H. D. Still, Sr., to the plaintiff, incurred by him in making himself a party to the notes of H. D. Still's Sons held by plaintiff and set out in the complaint.

That prior to his death and at the time of making said obligations to plaintiff, Mr. H. D. Still, Sr., owned four tracts of land in Barnwell county. That subsequently to the 15th December, 1911, said H. D. Still, Sr., made a deed whereby he conveyed to his wife, Mrs. Marian M. Still, these lands.

That said deed was in fact without consideration "and the consideration named therein was wholly fictitious and void and was a fraud upon the creditors of this plaintiff and the several defendants." * * * "'That said conveyance from Mr. Still to Mrs. Marian M. Still bearing date" the —— day of ——, 1911, although the same purports to antedate the obligation held by this plaintiff, was in fact made subsequent thereto and was not recorded until —— day of——, 1913, in the office of the register of mesne conveyance for Barnwell county and is a fraud upon the rights of the plaintiff and other creditors of H. D. Still."

That the said H. D. Still, at the time of his death, left "no other property out of which plaintiff and other creditors could make the money to pay the indebtedness due by H. D. Still; and unless the said deed is set aside the debts and obligations of H. D. Still must remain unpaid."

The complaint further alleges that the defendant, the F. S. Royster Guano Company, claims an indebtedness against H. D. Still, deceased, of $6,000 with interest; that the Southern States Phosphate and Fertilizer Company holds

demands against said H. D. Still of $19,838.50 with interest, and the defendants, Pope & Fleming, claim obligations against H. D. Still in $5,000 with interest. The complainant further alleges that there are sundry other creditors of H. D. Still, Sr., whose claims amount to more than $20,000, and that the said estate, unless the funds are marshalled and the land sold, will be wasted and exhausted by useless, costly and unnecessary suits.

Plaintiff asks the Court of equity to intervene and declare the deed void and that Mrs. Still cancel the deed of record and receive in lieu thereof her distributive share of said estate, to wit, one-third.

The prayer for judgment is:

(a) For a judgment in favor of plaintiff against H. D. Still as administrator of H. D. Still, deceased.

(b) That the creditors of H. D. Still be required to establish their claims.

(c) That the creditors be enjoined from proceeding except in this action.

(d) That the deed from Mr. Still and Mrs. Still be set aside.

(e) That a counsel fee be paid to the attorneys of plaintiff herein for the service rendered in this action.

(f) That the creditors be paid.

(g) That any surplus, if any, be divided among the heirs.

Answers were filed by the defendants as follows:

1. By H. D. Still, administrator of H. D. Still, deceased; by H. F. Buist, as attorney. He admits his appointment as administrator, denies the insolvency of H. D. Still, deceased, as well as all the other allegations of the complaint, except that he admits the making of the deed, denies that it was fraudulent, alleges that it was made for value and for love and affection and was intended by the grantor to be and was accepted by the grantee as a *bona fide* conveyance of the property. Alleges that on the maturity of said obligation, if any, no protest was had or notice given to H. D. Still,

deceased, of the nonpayment of said obligation, and that thereby the endorser, H. D. Still, was released.

2. Answer of Mrs. Marian M. Still, by Messrs. Mayfield & Free, as her attorneys, denies any knowledge or information sufficient to form a belief as to the alleged indebtedness of H. D. Still's Sons to plaintiff, nor of the endorsements as alleged of H. D. Still, Sr., and alleges that if said endorsement was made it was on a past due indebtedness of H. D. Still's Sons and that when the obligation matured and was unpaid no notice of nonpayment was ever given to H. D. Still, Sr., and said H. D. Still, the husband of the defendant, was thereby released from said obligation, if any legal obligation was ever assumed.

Contends that the deed was for full value—denies the allegations of fraud.

Denies the allegations of indebtedness and insolvency.

Alleges that none of the other creditors of H. D. Still's Sons who claim to have endorsements of H. D. Still ever gave notice of nonpayment or protest to said H. D. Still, and he was thereby released from the said alleged endorsements, if any, in fact, existed.

3. Answer of defendant, Pope & Fleming, by W. H. Fleming, attorney.

4. Answer of defendant, Southern States Prosphate and Fertilizer Co., by W. H. Fleming, attorney. These two answers are precisely similar; they set up the want of jurisdiction in this Court, because these parties had brought suit in the United States Court. Alleges that there has been a payment on account to plaintiff.

Attacks the deed for fraud and makes this allegation: "All of said indebtedness to this defendant was contracted prior to the actual execution of said deed and the conveyance of said paper left him insolvent, and that said deed was made by said H. D. Still for the purpose of hindering and delaying and defrauding his creditors and is void against this defendant." And also alleges that when H. D. Still

endorsed notes the deed had not been recorded and that it had no notice of said transfer (see paragraph 15 of this answer).

5. Answer of Royster Guano Co., Messrs. Mitchell & Smith, attorneys. Alleges that the deed was dated 12th September, 1911, but was not recorded in the R. M. C. office, Barnwell, where the land is, until the 17th June, 1912.

That the deed to Mrs. Still was made 12 September, 1911, and was not recorded until 17 June, 1912. That when the indebtedness of H. D. Still, Sr., was contracted the said deed had not been recorded and said F. S. Royster Guano Co. had no notice of said deed, and that the same is void against the claim of said company.

6. The defendants, L. C. Still, S. H. Still and H. D. Still, Jr., the sons of H. D. Still, Sr., deceased, as individuals and as copartners, and M. M. Still, by A. H. Ninestine, attorney, served an answer and alleged for

A first defense they deny every allegation of complaint except as hereinafter admitted.

A second defense, admits their obligation to plaintiff and certain other creditors. That is, the said H. D. Still's Sons.

2. Denies that H. D. Still, Sr., for value endorsed said notes or obligation.

3. Denies that defendant creditors are subsequent creditors for value of H. D. Still without notice of the deed of H. D. Still to M. M. Still.

For a third defense, admits that H. D. Still executed deed to M. M. Still and that it bears true date thereof.

For a fourth defense, that the defendants herein have no knowledge of the matters and things alleged in the complaint and several answers except as hereinbefore set forth.

There are two answers on the part of Mrs. M. M. Still by Messrs. Mayfield & Free and other attorneys.

7. Mr. C. F. Rizer, having been made a party defendant, answered by Messrs. Mayfield & Free, attorneys.

He sets up a mortgage debt having been made by Mrs. Marion M. Still on the property conveyed to her by H. D. Still to secure advances for the year 1913, upon which he claims there is due and owing $14,836.05 with interest from 1st November, 1913, was made after the date of the record of the deed from H. D. Still to Mrs. Marian M. Still. He also sets up a second mortgage debt dated October 18, 1913, upon which he claims $25,000 with interest at 8 per cent. per annum.

An order was subsequently made requiring J. Emile Harley, Esq., as special referee (the master being disqualified), to call in creditors to prove their demands by a certain day and referring it to him to take the testimony and report same.

Under this order claims were filed by the Read Phosphate Co., Nathan & Sinkler, attorneys, and F. W. Wagener & Co., James Simons, attorney, and Beaufort Veneer and Packing Company, T. M. Boulware, attorney, and the testimony was taken and reported.

And it was ordered that the plaintiff give public notice by advertisement once a week for six weeks in the *Gazette,* of Barnwell county, of this order, requiring creditors to prove their claims.

Upon the verified complaint an order was made enjoining the creditors of H. D. Still, deceased, from otherwise proceeding on their claims and requiring them to be proved in this action.

The following claims were presented to the master:

1. The debt of the Read Phosphate Co.

Six notes made by H. D. Still's Sons to order of Read Phosphate Co., endorsed by H. D. Still, $5,633.36, with interest and attorney's fees as provided in the notes.

The testimony as to this claim shows that the indebtedness was contracted after the execution of the deed from Mr. H. D. Still to Mrs. Still and before its record.

2. The claim of F. W. Wagener & Co.

It is admitted that the notes held by this firm upon which is the name of H. D. Still, Sr., are valid obligations against H. D. Still, Sr.

It appears from the testimony that Mr. H. D. Still, Sr.'s indebtedness was contracted subsequent to the execution of the deed to Mrs. Still and previous to its record with the exception of the debt evidenced by the note for $1,446.89, the debt represented by which was contracted subsequently to the record of the deed.

The testimony shows that H. D. Still's Sons, being indebted to F. W. Wagener & Co., it was agreed that F. W. Wagener & Co. should extend the time of payment, provided that H. D. Still would go on their notes for the old debt and would do so as to any new debt contracted by H. D. Still's Sons. Accordingly H. D. Still, Sr., first assumed this liability in January, 1912, and the notes covered by this claim and proved in this case are renewals of obligations of H. D. Still's Sons, upon which H. D. Still, Sr., was obligated, the liability of H. D. Still, Sr., having been contracted between January, 1912, and the date of the record of the deed except as to the debt evidenced by the one note for $1,446.89.

The testimony of Mr. Sullivan shows that H. D. Still, Sr., was not indebted to F. W. Wagener & Co. previous to January, 1912; that previous to that time the sons of Mr. H. D. Still, Sr., as copartners as H. D. Still's Sons, were indebted to F. W. Wagener & Co. in nine thousand four hundred and ten and 10-100 ($9,410.10) dollars.

This indebtedness had matured. F. W. Wagener & Co. wanted their money. H. D. Still's Sons wanted indulgence and desired the time of payment extended and wanted to buy more goods, and offered their father as security if F. W. Wagener & Co. would extend the time of payment of the debt then due, and that H. D. Still, Sr., would become

liable for any new goods F. W. Wagener & Co. might sell them.

In pursuance of this agreement the time for the payment of the old debt was extended by notes of H. D. Still's Sons, on which H. D. Still, Sr., became a party by writing his name on the back, and for the additional goods purchased they gave their notes with their father, H. D. Still, Sr., as a party thereto.

This indebtedness of H. D. Still, Sr., to F. W. Wagener & Co., with the exception of the debt evidenced by the last note in the claim of F. W. Wagener & Co., namely, the note for $1,446.89, was contracted subsequently to 1st of January, 1912; that is, after the execution of the deed of H. D. Still, Sr., to Mrs. Marian M. Still, but previous to its record.

The debt of $1,446.89, evidenced by the last note, was contracted by H. D. Still, Sr., subsequent to the record of the deed to his wife.

Those notes made by H. D. Still's Sons and their father subsequent to the first of January, 1912, were renewed from time to time, the last renewals being by notes dated 29th November, 1912. All their notes were duly protested, and protests attached to the notes introduced in evidence.

Debts of Royster Guano Co.

The judgment rolls in the case of H. D. Still, Sr., in which judgments were taken in the United States Court against his administrator were introduced in evidence and shows that they were based on notes set out in the answer of the Royster Guano Company. These notes were given in February, 1912, the liability of H. D. Still, Sr., was then incurred after the execution of the deed and before its record.

Barrett & Doughty.

They offered in evidence certain judgments against H. D. Still's Sons and also introduced in evidence two notes dated December 15, 1911, for three thousand dollars each— $6,000.

It is not shown when the debts evidenced by these notes were contracted. The complaint alleges that they were contracted *previous* to the date of the deed from H. D. Still, Sr., to his wife, Mrs. Marian M. Still, but there being no evidence as to when the debt was contracted, I hold that the true date of the obligation is the date of the notes themselves, viz.: December 15, 1911.

5. Beaufort Veneer and Packing Company.

Two notes dated 24th September, 1912, for $225 each— $450. 5(a) $4,000 note September, 1912, in favor of Leesville Cotton Oil and Fertilizer Co.

6. Claim of Southern States Phosphate and Fertilizer Co.

| | |
|---|---:|
| Note dated February 3, 1912, for | $2,832 36 |
| Note dated February 3, 1912, for | 2,832 76 |
| Note dated February 3, 1912, for | 2,833 08 |
| Note dated February 3, 1912, for | 2,603 70 |
| Note dated April 30, 1912, for | 794 45 |
| Note dated April 20, 1912, for | 2,466 78 |
| Note dated April 30, 1912, for | 2,666 78 |
| Note dated February 3, 1912, for | 2,466 78 |

It is not shown when the liability of Mr. H. D. Still, Sr., was first contracted on the debts evidenced by these notes, but in their answer it is alleged that this indebtedness was contracted *prior* to the date of the deed from Mr. H. D. Still to Mrs. M. M. Still, but there being no evidence to the contrary, the dates of the notes is the date of the obligations themselves fixes the dates.

7. Pope & Fleming note dated April 2, 1912, $3,000 00
                              April 2, 1912,   3,000 00
the last note being subject to credit of $134.

It is not shown when the liability of H. D. Still, Sr., was contracted on the debts evidenced by these notes, but in their answer it is alleged that the indebtedness was contracted prior to the date of the deed from Mr. H. D. Still to Mrs. M. M. Still, but there being no evidence to the contrary the dates of the obligations themselves fixes the dates.

8.  Mortgage debts of Rizer.

These were subsequent to the record of the deed from Mr. H. D. Still to Mrs. M. M. Still.

.Having thus briefly stated the facts I will now state briefly the conclusions of law which appear to result.   The plaintiff put in no testimony to sustain the allegations of fraud, in fact, admitted he was unable to do so; Pope & Fleming and the Southern States Phosphate and Fertilizer Co., put in no testimony to sustain the allegations of fraud made by them.

The rule in this State as announced in the *Virginia-Carolina Chemical Co.* v. *Hunter,* 94 S. C. 65, 77 S. E. 65, is that where a deed is attacked for fraud, and the deed objected to is from one to another in a close relation, slight evidence is sufficient to shift the burden of proof to those claiming the benefit of the deed.   In this case the effect of the close relations of the parties is fully discussed.

In·the case of *Anderson Hardware Co.* v. *Gray,* 94 S. C. 80, 77 S. E. 742, it is held that if a deed or mortgage is executed to defraud creditors they may be set aside even if executed for a valuable consideration.   See, also, *Hipp* v. *Sawyer,* Eqty. cases 410.

There is no doubt that the estate of H. D. Still, Sr., is insolvent.   This is conclusively shown by the record in the probate Court and the debts proved in this case.

But the defendant, the Royster Guano Co., and the claimants, the Read Phosphate Co., and F. W. Wagener & Co., take the ground that under the express terms of the recording law the deed from Mr. Still to Mrs. Still is void as to their claims no matter how unobjectionable otherwise.   The answers of the defendant, Barrett & Co., and Southern Phosphate and Fertilizer Co., take practically the same position.

The section 1968 of the Revised Statutes of 1893 (being section 1776 of the General Statutes) provided that all deeds required by law to be recorded, delivered or executed after

1st January, 1877, shall be valid so as to effect from the time of such delivery or execution the rights of subsequent creditors or purchasers for valuable consideration without notice only when recorded within forty days, etc.

In *King* v. *Fraser,* 23 S. C. 543, it was held that subsequent creditors meant subsequent lien creditors.

In 1898—see 22 Stat., page 746—the recording law was amended so as to make it read (*whether lien creditors or simple contract creditors*), and so the law now reads and read at the time of the making of the deed in question except that the time was reduced from 40 to 10 days (see 26 vol. Stat. 189, ap. 4 March, 1909). The terms of the law are absolutely plain and the Supreme Court has expressed their views on the subject. In *Armour & Co.* v. *Ross,* 78 S. C. 294, 58 S. E. 941, 1135, in which, in considering sections 2655 of the Code of Laws, 1912, now section 3740, it is said on page 298 : "Quite a different question would be presented if the appeal involved the constructions of section 2456 of the Code of Laws as that section was amended in 1898 by adding the words, *"Whether simply contract creditors or lien creditors."*

The first question to be decided by the Court is what claims against H. D. Still, Sr., are entitled to the protection of the recording law against the deed from H. D. Still to Mrs. Marian M. Still.

The claims before the Court against the estate of H. D. Still, Sr., are as follows:

I. Claim of plaintiff, Barrett & Co., R. J. Southall, attorney.

This creditor has shown that this debt was made between the date of the deed and that of its record and is a subsequent creditor without notice, and, therefore, is entitled to the protection of the recording act.

II. Claim of Pope & Fleming, Mr. W. H. Fleming, attorney.

This creditor has shown that the debt was made between the date of the deed and that of its record and is a subsequet creditor without notice, and, therefore, is entitled to the protection of the recording act.

III. Claim of Southern States Phosphate and Fertilizer Co., Mr. W. H. Fleming, attorney.

This creditor has shown that the debt was made between the date of the deed and that of its record and is a subsequent creditor without notice, and, therefore, is entitled to the protection of the recording act.

IV. Claim of F. S. Royster Guano Co., Mitchell & Smith, attorneys.

The testimony shows conclusively that the *liability* of H. D. Still, Sr., was incurred subsequently to the making of the deed from H. D. Still, Sr., to Mrs. M. M. Still and before its record. It has not been shown that they had any actual notice of the deed, but, on the contrary, it has been conclusively shown that they had no notice.

Having established the fact that it was a subsequent creditor for value without notice, this claimant is entitled to have its claim, which it has proved, established against the administrator, and the deed of H. D. Still, Sr., to Mrs. M. M. Still declared void as against its claim and the claim of other creditors in like plight.

The judgment recovered by *F. S. Royster Guanio Co.* v. *The Administrator of H. D. Still* simply establishes the debt against the estate of the intestate and gives no priority.

In *Tucker* v. *Condy, Exr.,* 9 S. C. Eq. (Rich Eqty.)., p. 281, it was held that the assets of a deceased debtor are distributable among the creditors with reference to the rank of their demands at the time of his death, and this order will not be disturbed so as to give preference to the first creditor who obtains judgment against the executor.

See, also, *Fraser & Dill* v. *City Council,* 23 S. C. 373; *Scruggs* v. *Foote,* 19 S. C. 274; *Wilson* v. *Kelly,* 19 S. C. 160.

Consequently at the death of H. D. Still, Sr., the debt of F. S. Royster Guano Co., consisting of his liability on the two notes set out in its answer, establishes the rank of their demands.

Those two notes are dated February 12, 1912, each is for three thousand seven hundred and eighty-nine 58-100 dollars, with interest from date at the rate of eight per cent. per annum with ten per cent. attorney's fees, so that the amount of the debt is seven thousand five hundred and seventy-nine and 16-100 dollars, with interest at the rate of eight per cent. per annum from February 12, 1912, and attorney's fees, and for this they are entitled to participate *pro rata* with the other creditors in like plight in the distribution of the property covered by the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still, and for any deficiency after exhausting that fund they are entitled to participate *pro rata* with all the other creditors of H. D. Still, Sr., in the distribution of his estate not embraced in the deed to Mrs. Marian M. Still.

V. Claim of the Read Phosphate Co.

This debt as shown by the testimony was incurred both by H. D. Still's Sons and H. D. Still, Sr., deceased, subsequently to the making of the deed from Mr. H. D. Still, Sr., to Mrs. Marian M. Still. This debt is evidenced by notes as follows: One note dated May 6, payable 1st November, 1912, for $931; one note dated May 6th, payable 1st December, 1912, for $931; one note dated May 6th, payable 1st December, 1912, for $931; one note dated May 6, payable 1st January, 1913, for $931; one note dated May 6th, payable 1st January, 1913, for $931.

As shown by the testimony fertilizers were sold to H. D. Still's Sons after the making of the deed from H. D. Still, Sr., to Mrs. M. M. Still and before its record on the agreement that same was to be paid by the notes of H. D. Still's Sons, with H. D. Still, Sr., as security on the notes and when the fertilizers had been shipped these notes were accordingly given.

Note 'dated 26th October, 1912, payable on the 1st of November, 1913, for $978.35. The testimony shows that this note was a renewal of a previous note of the same parties given at the same time as the other five notes, for feritilizers sold and delivered to H. D. Still's Sons after the making of the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still, and before its record.

The debt evidenced by this note having been incurred after the making of the deed in question and before its recording that deed is void against the debt evidenced by this note. For this reference is made as to what is said hereinafter as to the claim of F. W. Wagener & Company.

It has not been shown that this claimant had any notice of this deed except the constructive notice, resulting from its record June 17, 1912. This claimant, therefore, comes within the protection of the recording law. The amount of the debt as proved amounts to five thousand six hundred and thirty-three 35-100 dollars, with interest at the rate of 7 per cent. as follows: On $931 from 4th November, 1912; on $1,862 from 4th December, 1912; on $1,852 from 4th January, 1913; on $978.35 from 4th November, 1913, together with ten per cent. attorney's fees on said indebtedness, both principal and interest. For this claimant is entitled to participate *pro rata* with the other creditors in like plight in distribution of the property covered by the deed from Mr. H. D. Still, Sr., to Mrs. Marian M. Still, and for any deficiency after exhausting that fund entitled to participate *pro rata* with all the other creditors of H. D. Still in the distribution of his estate not embraced in the deed to Mrs. M. M. Still.

VI. Claim of F. W. Wagener & Co.

The indebtedness of F. W. Wagener & Co. is now evidenced by notes as follows: One note dated November 20, 1912, payable 15th January, 1913, $2,351.10, with interest from January 1; one note dated November 29, 1912, payable 25th January, 1913, $2,350, with interest from January 25,

1913; one note dated November 29, 1912, payable February 1, 1913, $2,350, with interest from January 1, 1913; one note dated November 29, 1912, payable 15th February, 1913, $2,350, with interest from 15th February, 1913; one note dated November 29, 1912, payable February 20, 1913, $1,446, with interest from 20th February, 1913.

As shown by the testimony it is admitted that this indebtedness is a valid obligation against the estate of H. D. Still, Sr., but it is contended that it is not good as against property embraced in the deed from Mr. H. D. Still to Mrs. M. M. Still.

It is admitted by F. W. Wagener & Co. that the debt represented by the last note for $1,446.89 was contracted after the record of the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still, and that while they had no actual notice of the deed they had constructive notice as far as this indebtedness of $1,446.89 is concerned by reason of the record of the deed.

To the other four notes it was contended in argument that F. W. Wagener & Co. are not entitled to the protection of the recording law on two grounds:

1. That the four notes were given for an antecedent or pre-existing indebtedness of H. D. Still's Sons.

2. Because the time of payment was extended and the renewal notes taken for this indebtedness were taken after the date of the recording of the deed from H. D. Still, Sr., to Mrs. M. M. Still, and that this deprives F. W. Wagener & Co. of the protection of the recording law.

It was argued:

1. That the four notes were given to F. W. Wagener & Co. for an antecedent or pre-existing indebtedness of H. D. Still's Sons to F. W. Wagener & Co. We must remember that the claim now under consideration is not the claim on those notes against H. D. Still's Sons, but the claim thereon against H. D. Still, Sr.

·The liability of H. D. Still, Sr., was not any antecedent or pre-existing indebtedness as far as H. D. Still, Sr., is concerned. It was an original liability when he obligated himself to pay the indebtedness of H. D. Still's Sons in consideration that F. W. Wagener & Co. would give an extension to H. D. Still's Sons.

This was a valuable consideration and supported this original undertaking of H. D. Still, Sr., and having been contracted after the making of this deed to his wife and before its record as to which deed F. W. Wagener & Co. had no notice they are entitled to the protection of the recording law unless they have forfeited the same by renewing the previous notes. This is the second question raised by Mr. Mayfield and will be considered later.

The liability of H. D. Still, Sr., was an original contract to pay the debt of H. D. Still's Sons in consideration that F. W. Wagener & Co. would forbear and give H. D. Still's Sons further time for payment. Whilst the indebtedness, as far as H. D. Still's Sons is concerned, was an antecedent or pre-existing indebtedness, ·it was an original and not a pre-existing indebtedness as far as H. D. Still, Sr., was concerned.

The contract of H. D. Still, Sr., to pay the debt of H. D. Still's Sons in consideration or forbearance of extension of time, was an original contract on the part of H. D. Still, Sr., and was entered into after the making of the deed to Mrs. M. M. Still, and before the deed was recorded.

2. Because the time of payment and the renewal notes taken for this indebtedness after the date of the recording of the deed from H. D. Still, Sr., to Mrs. M. M. Still deprives F. W. Wagener & Co. of the protection of the recording law.

The indebtedness of H. D. Still, Sr., to F. W. Wagener &. Co., evidenced by the first four notes was contracted by H. D. Still, Sr., to F. W. Wagener & Co., subsequent to the making of the deed from H. D. Still, Sr., to Mrs. M. M. Still·

and previous to its record, and F. W. Wagener & Co. had no notice of it.

The renewal notes were merely new evidence, new contracts as to the debt.

This has been conclusively settled by the decision of the Supreme Court in the strongly contested case of *Union Bank* v. *Wando Mining and Manufacturing Co.,* 17 S. C. 362.

On page 367 the Supreme Court cites the charter of the Wando M. & M. Co., as follows:

"Section 4. That every shareholder of said company shall be individually liable for the debts contracted during the time he or she shall be a shareholder in said company to the extent of the par value of his or her share in the same:" *"Provided, \* \* \* and further provided,* That no stockholder shall be personally liable for the payment of any debt contracted by the said company which is not to be paid within one year from the time the debt is contracted nor unless a suit for the collection of such debt shall be brought against the said company within year after the debt shall become due."

On page 362 the Supreme Court says:

"Under the common law \* \* \* if a person who proposed to become a creditor of the company desires to increase the safety of his debt by securing the personal liability of the shareholders he could do so by making a contract that his debt should be paid within the year upon such a debt the shareholders were personally liable. If not paid within the year then to preserve his right to resort to the stockholders, he must bring his action within a year from the maturity of his demand."

"Are the suing creditors within these requirements? It appears that the notes they are now seeking to set up were given for previously existing notes and they for others that existed before them, the original debt in each instance being more than two years old before suit brought, no suit being

brought within a year from the maturity of the original
debt. Whether the suing creditors then are within the
requirements of the charter depends upon the questions
whether these last notes were payments of the previous notes
or not. A debt is a legal obligation to pay money. This
contract can only be discharged by the payment of money or
by a new contract in relation to the same subject matter by
which it is agreed that something else than money will be
given and received in discharge of the contract" (the Court
then cites authorities). "The burden of proving this con-
tract is upon him who affirms it" (cites authorities). "It
is not proved by the mere fact that one note is given for
another. There must be additional proof of an agreement
between the parties that one note shall be given and accepted
in satisfaction of the other. The case of F. W. Wagener
& Co. comes precisely under the terms of this decision. The
original obligation of H. D. Still, Sr., to F. W. Wagener &
Co. was contracted after the making of the deed from H. D.
Still, Sr., to Mrs. M. M. Still and before its record. That
deed under the terms of the recording law is void against
such obligation and such obligation has not been discharged
by the renewal notes.

This principal has been affirmed by the Supreme Court
with reference to the recording law by the more recent case
of *Marsh* v. *Ramsey,* 57 S. C. 121, 35 S. E. 433, wherein it
was held that a mortgage executed to secure the payment of
antecedent debts does not entitle the mortgagee to invoke
the protection accorded to a purchaser for valuable consider-
ation without notice. This decision was on the principle laid
down in Pom. Eq. Jur., vol. II, sec. 749, "that a conveyance
of real or personal property as security for an antecedent
debt does not upon principle render the transferee a *bona fide*
purchaser since the creditor parts with no value, surrenders
no right and places himself in no worse legal position than
before."

He could not, therefore, stand on the subsequent mortgage, because that could give him no greater right than he had on his antecedent claim as far as the recording law is concerned.

F. W. Wagener & Co., on the contrary, in granting indulgence and forbearance to H. D. Still's Sons in consideration of H. D. Still, Sr., undertaking to pay their debt parted with value and surrendered a right and placed themselves in a worse legal position than before, and under the decision of *Union Bank* v. *Wando M. & M. Co.,* this is the indebtedness of H. D. Still, Sr., to them which has not been discharged by the renewal notes. This indebtedness is protected against the deed of H. D. Still, Sr., to Mrs. M. M. Still by the terms of the recording law.

F. W. Wagener & Co. come within the protection of the recording law as to the indebtedness of H. D. Still, Sr., evidenced by the first four notes embraced in their claims, namely: One note dated November 29, 1912, payable 15th January, 1913, $2,351.10, interest from January 15, 1913; one note dated November 29, 1912, payable January 25, 1913, $2,350, interest from January 25, 1913; one note dated November 29, 1912, payable February 1, 1913, $2,350, interest from February 1, 1913; one note dated November 29, 1912, payable February 15, 1913, $2,350, interest from February 15, 1913; and for these F. W. Wagener & Co. are entitled to participate *pro rata* with the other creditors in like plight in the distribution of the property covered by the deed from H. D. Still, Sr., to Mrs. M. M. Still, and for any deficiency after exhausting that fund they are entitled to participate *pro rata* with all the other creditors of H. D. Still, Sr., in the distribution of the estate of H. D. Still, Sr., not embraced in the deed to Mrs. M. M. Still, and that for the indebtedness of H. D. Still, Sr., evidenced by the remaining note for $1,446.89, payable 20th February, 1913, with interest from February 20, 1913, not being protected by the recording law against the deed in question, F. W. Wagener

& Co. are entitled *pro rata* with the other creditors of H. D. Still, Sr., not covered by his deed to Mrs. M. M. Still.

VII. Claim of Beaufort Veneer Packing Co.

No evidence to the contrary, I hold that the true date of these obligations is the date of the notes themselves.

VIII. Claim of C. F. Rizer, mortgagee.

As Mr. Rizer claims under Mrs. M. M. Still, who derives her title from the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still, he gets no more than she could give. If the deed from H. D. Still, Sr., to Mrs. M. M. Still be void for want of record against the creditors hereinbefore mentioned, then Mr. Rizer's mortgages are void against these creditors also.

When Mr. Rizer took these mortgages he took with full notice that the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still had not been recorded within the time required by the law. He took with full notice the consequences plainly expressed in the recording law. He was not obliged to make the transaction and to take these mortgages. He took with full notice of the risk he ran; the danger signal was held up before him by the recording law. He took with his eyes open, and he must abide the consequences.

The next question which arises is the effect of the deed from Mr. H. D. Still, Sr., to Mrs. M. M. Still as far as the 1,735-acre tract is concerned. There is no question as to the rest of the property.

As to the 1,735-acre tract, this matter has to be decided in this case, and all the parties interested are before the Court.

The question to be determined is whether the deed from Mrs. Patterson and Mrs. Holman to H. D. Still, Sr., viewed in the light of the surrounding circumstances, vested a life estate or a fee simple estate in H. D. Still.

1. The grantors have declared in express terms, who it is their intention, is to be the grantee under the deed, for they say as part consideration of the conveyance, there is a mortgage debt which the grantee, H. D. Still, hereby assumes.

2. The granting clause is to H. D. Still: "Have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said H. D. Still."

3. The habendum is to H. D. Still as aforesaid, his heirs and assigns forever.

4. The warranty clause is to H. D. Still, his heirs and assigns.

5. The only reference to a lesser estate than the one in fee being granted to H. D. Still is the use of the words in the "together clause," "to H. D. Still for life, then to M. M. Still, her heirs and assigns forever."

During the argument on this point, it was proposed to examine the deed in the clerk's office, it was then ascertained that the record of this deed, together with three or four pages of the record book immediately preceding and following, had been torn out; according to a pencil memorandum made by the clerk of Court, in the spring of 1913.

It appears that at the time of this purchase by H. D. Still, Sr., from Mrs. Patterson and Mrs. Holman, H. D. Still gave a purchase money mortgage on the property to the grantors in the deed to him, which is recorded in the clerk's office, Barnwell county, in Book 7-M, page 281.

Who is responsible for this abstraction of the record in the absence of evidence can only be a matter of surmise.

Upon consideration of the whole matter I must conclude that H. D. Still, Sr., held a fee simple title under the deed from Patterson and Holman and this he conveyed to his wife by his deed to her.

There are only two parts to a deed: 1. The premises or granting part; 2. The habendum.

"The technical meaning of the premises in a deed is that part of a deed that sets forth the number and names of the parties, recitals necessary to explain the transaction, the consideration, and the certainty of the grantor, grantee and thing granted—the office of the habendum in a deed is properly to determine what estate or interest is granted by

the deed." *McLeod* v. *Tarrant,* 39 S. C. 273, 17 S. E. 773, 20 L. R. A. 846; *Clarke* v. *Neves,* 76 S. C. 489, 57 S. E. 614, 12 L. R. A. (N. S.) 298.

The decisions in this State seem to hold that where there are inconsistent provisions in a deed, the intention of the grantor must govern. In *McLeod* v. *Tarrant, supra,* the Court says: "The intention of the grantor, if consistent with law, must govern."

Now, what was the intention of the grantor? It appears that every clause in the deed in which a conveyance is usually made and in which the grantee's name is usually inserted, creates an estate in fee in H. D. Still, and the paramount declaration of the grantors that they intend the fee to be in H. D. Still is that they took from him a purchase money mortgage, in which there was a warranty by H. D. Still against himself and his heirs, executors, administrators and assigns, and all other persons whomsoever and in which Mrs. Marian M. Still renounced dower. It is inconceivable that the grantors would have taken this mortgage from H. D. Still if he had been only a life tenant. A purchase money mortgage, as its name implies, is a mortgage for the credit portion of the purchase money executed by the purchaser, and has been held by the Courts as sufficient evidence of the conveyance represented by it, where such conveyance has been not recorded and lost. So, this mortgage declares in unmistakable language in whom it was the intention of the grantor, that the fee to this property should be vested. It is true our Supreme Court has held that the "warranty clause" in a fee will not supply the lack of the words "his heirs" in the granting part of the deed. See *Wilson* v. *Watkins,* 48 S. C. 341, 26 S. E. 663, contrary to the view taken by the Supreme Court of the United States in *Terrett* v. *Taylor,* 19 Cranch 53. But the result of our State decisions is that the deed is to be construed according to the intent of the parties. *Spears* v. *Oaks,* 38 S. C. L. (4 Rich.) 351.

Having reached this conclusion, it follows from what has been hereinbefore said that the deed from H. D. Still, Sr., to his wife, under the provisions of the recording law is void against the claims of the creditors of Barrett & Co., Southern States Phosphate and Fertilizer Co., Pope & Fleming, F. S. Royster Guano Co., Read Phosphate Co., and F. W. Wagener & Co. (except as to the debt of F. W. Wagener & Co. evidenced by the note for $1,446.89).

The point to be considered is, what is the effect of setting aside this deed as against the claims of these six creditors, as hereinbefore concluded. Is Mrs. Still entitled to dower in the lands covered by the deed from H. D. Still to his wife? He, being dead, her dower right, if any she has, is no longer inchoate, but vested.

My conclusion on this question is as follows: The deed being set aside as to these creditors, as far as they are concerned, it is the same as if it had never existed, and if it never existed and the land, as far as these creditors are concerned, is owned by H. D. Still, and, of course, would be subject to his wife's dower. She is also entitled to her homestead set-off out of the property.

It is therefore ordered, adjudged and decreed, that the following creditors are entitled to participate *pro rata* with the other creditors as hereinafter mentioned in the distribution of the property of the estate of H. D. Still, Sr., *other* than that covered by the deed of H. D. Still, Sr., to Mrs. M. M. Still, according to the amounts of their respective claims as established in this case, namely: Beaufort Veneer and Packing Co., four hundred and fifty ($450) dollars, with interest at 8 per cent. from the 24th day of September, 1912, with ten per cent. attorney's fees; Leesville Cotton Oil and Fertilizer Co., note $4,000, September, 1912, with 10 per cent. attorney's fees; F. W. Wagener & Co., one thousand four hundred and forty-six 89-100 ($1,446.89) dollars, with interest from the 20th February, 1913, at 8 per cent., and 10 per cent. attorney's fees.

It is further ordered, adjudged and decreed, that the deed from H. D. Still, Sr., to Mrs. M. M. Still be, and the same is hereby, set aside against the following creditors, who are hereby adjudged and decreed to be entitled to participate in the distribution of the property covered by that deed *pro rata* according to their respective claims, as follows: The F. S. Royster Guano Co., seven thousand five hundred and seventy-nine 16-100 ($7,579.16) dollars, with interest at the rate of 8 per cent. per annum from February 12, 1912, with 10 per cent. attorney's fees; Read Phosphate Co., five thousand six hundred and thirty-three 35-100 dollars, with interest at the rate of 7 per cent. as follows: On $930 from 4th November, 1912; on $1,862 from 4th December, 1912; on $1,862 from 4th January, 1912; on $978.35 from 4th November, 1913; together with 10 per cent. attorney's fees; F. W. Wagener & Co., nine thousand four hundred and one 10-100 dollars, with interest at seven per cent., as follows: On $2,351.19 from January 15, 1913; on $2,350 from January 25, 1913; on $2,350 from February 1, 1913; on $2,350 from February 15, 1915. Barrett & Doughty, six thousand ($6,000) dollars, with interest at 8 per cent. from December 15, 1911, and ten per cent. attorney's fees. Pope & Fleming, six thousand dollars, with interest at 8 per cent. from February 4, 1912, less credit of $134.44, together with 10 per cent. attorney's fees. Southern States Phosphate and Fertilizer Co., nineteen thousand eight hundred and thirty-eight 06-100 ($19,838.06) dollars, with interest at 8 per cent. from the maturity of the said notes, as follows: On $541.35 from September 15, 1912; on $2,832.38 from October 1, 1912; on $2,832.76 from October 15, 1912; on $2,833.08 from November 1, 1912; on $2,603.70 from November 15, 1912; on $794.95 from November 1, 1912; on $2,466.78 from November 1, 1912; on $2,466.78 from November 15, 1912; on $2,466.78 from December 1, 1912, together with 10 per cent. attorney's fees.

And that if this property be not sufficient to satisfy their said demands, that for any deficiency they are entitled to participate with the other creditors hereinbefore set forth in the distribution of the property of the estate of H. D. Still other than that covered by the deed from H. D. Still, Sr., to Mrs. M. M. Still.

It is further ordered, adjudged and decreed, that the mortgage debts of C. F. Rizer are not entitled to participate in the distribution of the property covered by the deed from H. D. Still, Sr., to Mrs. M. M. Still, until the claims of the six creditors, F. S. Royster Guano Co., Read Phosphate Co., Pope & Fleming, Southern States Phosphate and Fertilizer Co., Barrett & Co., and F. W. Wagener & Co., aforesaid, are paid in full, but in case this property should prove more than sufficient to satisfy these claims in full he is entitled to have any surplus applied to the payment of his mortgage debts against Mrs. Still established in this case.

As to the counsel fees claimed by the plaintiff's attorney, it is ordered that the special master, after giving notice thereof, do take testimony and report what is a reasonable fee.

As it appears that there is no property of the estate of H. D. Still, Sr., except that covered by his deed to his wife, Mrs. Marian M. Still.

It is ordered, adjudged and decreed, that J. Emile Harley, Esq., be, and he is hereby, appointed special referee to carry out the provisions of this decree as herinafter set forth.

That the said special referee sell at public auction at the courthouse, in Barnwell county, after due notice as required by law, the property covered by the deed from H. D. Still, Sr., to Mrs. Marian M. Still, as hereinafter described on sales day in November, 1914, said sale to be one-third cash, and balance in two equal annual installments, the credit portion of the purchase money to be evidenced by the bond of the purchaser, bearing interest at seven per cent.

per annum, payable semiannually, said bond to be secured by a purchase money mortgage of the premises.

And it is further ordered, adjudged and decreed, that Mrs. Marian M. Still shall have the right of satisfying judgments herein by paying the same in full at any time up to the 15th of October, 1914, and upon the judgment being so settled in full, the decree of sale herein is hereby vacated.

That out of the proceeds of said property, the said special referee do first pay to Mrs. Marian M. Still, in lieu of and in full settlement and discharge of her right and estate of dower in and to the said lands, such an amount as she may be entitled to, the same to be ascertained in accord with the principles laid down by the Supreme Court of this State in the case of *Brown* v. *Brown,* in 94 S. C. 492, 78 S. E. 447, and it is hereby referred to the said special referee to take testimony thereon and ascertain and report to the Court the amount to which the said Mrs. Marian M. Still would be entitled for her right of dower in said land; that he do next pay to the said Mrs. Marian M. Still, H. D. Still, S. H. Still and L. C. Still one thousand dollars in full settlement and discharge of the homestead exemption to which they are entitled, as the sole heirs at law and distributees of the said H. D. Still, deceased, then the expenses of the sale thereof and the costs of this action, including a reasonable counsel fee, to be fixed as hereinbefore directed to plaintiff's attorneys, and the compensation of said special referee, that he do next pay the debts due to the F. S. Royster Guano Co., Read Phosphate Co., Pope & Fleming, Southern States Phosphate and Fertilizer Co., Barrett & Co., and F. W. Wagener & Co., hereinbefore found to be entitled to participation in the distribution of the said property as hereinbefore adjudged; if the said proceeds of such sale applicable thereto be insufficient to pay the said demands in full the said proceeds to be applied to the same *pro rata.* Should said proceeds be more than sufficient to pay said demands, that the surplus be applied to the payment of the mortgage

debts of the said C. F. Rizer, and should there still remain a surplus after such payment, the same to be paid to Mrs. Marian M. Still or her attorney in this action.

The Patterson deed to the Aldrich lands, construed by the Court, was in form as follows: .·

"State of South Carolina. Know all men by these presents, That we, H. A. Patterson and I. A. Holman, of the county of Barnwell, in the State aforesaid, for and in consideration of the sum of four thousand ($4,000) dollars, to us in hand paid at and before the sealing and delivery of these presents (that is to say, two thousand ($2,000) dollars in cash, or lawful money of the United States, and two thousand ($2,000) dollars with the interest due and to become due thereon to be paid to relieve the lands hereinafter described from the lien of the mortgage for the sum executed by J. O. Patterson to F. M. Bamberg, bearing date the 6th day of February, 1897, which mortgage debt the grantee, H. D. Still, hereby assumes) in the State aforesaid, the receipt whereof is hereby acknowledged (have granted, bargained, sold and released, and these presents do grant, bargain, sell and release unto the said H. D. Still):

All that certain tract, piece or plantation of land situated, lying and being partly in Barnwell county and partly in Orangeburg county, in the State of South Carolina, containing seventeen hundred and thirty-five (1,735) acres, more or less, and bounded as follows: On the north by the estate lands of Willingham and lands of S. E. Peeples; on the east by lands of P. J. Boyleston and Robert Aldrich; on the south by lands of Robert Aldrich and P. B. Wise; on the west by lands now or formerly owned by J. J. Whaley and lands of E. S. Hammond.

Together with all and singular the right, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining, to H. D. Still (for life, then to M. M. Still, her heirs) and assigns forever.

To have and to hold all and singular, the said premises before mentioned unto the said H. D. Still (as aforesaid), his heirs and assigns forever.

And we do bind ourselves and our heirs, executors and administrators to warrant and forever defend all and singular, the said premises unto the said H. D. Still, his heirs and assigns, against us and our heirs and every person or persons whomsoever lawfully claiming or to claim the same or any part thereof.

Witness our hands and seals this 22d day of June, in the year of our Lord one thousand eight hundred and ninety-seven and in the 121st year of the sovereignty and independence of the United States of America. H. A. Patterson (L. S.), I. A. Holman (L. S.). Signed, sealed and delivered in the presence of W. A. Holman, J. O. Patterson."

From this decree, Mrs. Marian M. Still, Read Phosphate Company, Wagener & Company, F. S. Royster Guano Company, C. F. Rizer and Leesville Cotton Oil Company, appealed.

*Messrs. Mayfield & Free,* for M. M. Still and C. F. Rizer, appellants, cite: *As to value of life estate:* 18 S. C. L. (2 Bail.) 24. *Construction of Patterson deed:* 39 S. C. 274; 18 S. C. 606; 2 Blackstone, Com. 241; 51 S. C. 559; 4 Kent. Com. 468; 98 S. C. 234. *Conflict between premises and habendum:* Harper's L. (15 S. C. L.) 315; 79 S. C. 169; 13 Cyc. 619; 36 Me. 309; 58 Am. Dec. 751; 2 Blackstone, Com. 298; 20 N. C. 433; 34 Am. Dec. 390; 11 R. I. 370; 88 S. C. 298. *Who are subsequent creditors within the recording acts:* 2 Stats. 203, 204; 11 Stats. 256; 15 Stats. 5, 6; Gen'l Stats. 1882, sec. 1776; Revised Stats. 1893, sec. 1968; Civil Code 1902, sec. 2456, act of 1910; Civil Code 1912, sec. 3542; 3 McC. 127; 8 S. C. Eq. (Bail.) 5; 7 Stats. 233; 23 S. C. 566; 4 DeS. 274; Speer Eq. 20; 5 S. C. 100; 36 S. C. 212; 4 S. C. Eq. 550; 57 S. C. 124; 6 S. C. 159, 166; 2 Pom. Eq. Juris., sec. 749; 5 S. C. 90; 78 S. C. 298, 300;

87 S. C. 100.   *Dower:* 94 S. C. 492.   *Findings of fact:* Cheves Eq. 99; 6 S. C. 158; 3 Strob. Eq. 131; 2 Leading Cas. Eq. 1.

*Messrs. Bates & Simms,* also for M. M. Still and C. F. Rizer, appellants, cite: *As to the construction of the Patterson deed:* 1 Brev. 360; 47 S. C. 294.   *As to notice to creditors:* 14 S. C. 321; 4 Rich. Eq. 114; 48 S. C. 134; 34 S. C. 561; Wade on Notice (2d ed.), secs. 31-33.   *Subsequent creditors:* 57 S. C. 288; 56 S. C. 470; 23 S. C. 556; 27 S. C. 580; 57 S. C. 481; 87 S. C. 120.

*Mr. E. L. Asbill,* for Leesville Cotton Seed Oil Mill Co., appellant, cites: *As to fraudulent conveyance from husband to wife:* 98 S. C. 406; 36 S. C. 436; 82 S. C. 98.

*Messrs. Mitchell & Smith, James Simons* and *Nathan & Sinkler,* for F. S. Royster Guano Co., F. W. Wagener & Co., and Read Phosphate Co., appellants, cite: *As to recording acts:* 79 S. C. 572; 89 S. C. 454; 99 S. C. 258; 76 S. C. 481.   *Contract of H. D. Still, Sr., to pay debt of H. D. Still's Sons an original contract:* Dudley 30; Riley 56. *Construction of Patterson deed:* 96 S. C. 263; 57 S. C. 173. *Homestead and dower rights:* 94 S. C. 492.

*Mr. Wm. H. Fleming,* for Southern States Phosphate and Fertilizer Company, for Pope & Fleming, respondents.

*Mr. R. J. Southall,* for plaintiff-respondent, cites: *As to presumption as to ownership of note:* 17 S. C. L. (1 Bail. L.) 355; 28 S. C. 148; 64 S. C. 509.

September 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

H. D. Still, Sr., died April 19, 1913, intestate, leaving his widow, Mrs. Marian M. Still, and three sons, his heirs and

distributees.   H. D. Still, Jr., one of his sons, administered
on his estate in Barnwell county.   Mr. H. D. Still, Sr., at
the time of his death was indebted to various parties.   He
had made a deed to his wife, Mrs. Marian Still, of his lands.
This deed was made September 12, 1911, but was not
recorded until June 17, 1912.

   The present action was instituted by Barrett & Company,
on behalf of itself and other creditors, against Mrs. Marian
M. Still and the other heirs and the administrator of the
intestate, and against the F. S. Royster Guano Company,
Southern States Phosphate and Fertilizer Company, and
Pope & Fleming, as defendants.   C. F. Rizer claiming to
hold a mortgage of the lands in question made by Mrs.
Marian M. Still, was made a party defendant.   He answered.
The object of the action was to set aside the above mentioned
deed as fraudulent against the creditors of H. D. Still, Sr.

   The defendants, Southern Phosphate and Fertilizer Com-
pany, and Pope & Fleming, answered, taking the same posi-
tion as to this deed.   Neither the plaintiff nor the above
named defendants contended that the deed was void as to
their respective claims by reason of the failure to record
within the required time.

   The F. S. Royster Guano Company answered.   This
creditor sets up the failure to record the said deed in time
and that it had no notice of it.   Answers were filed by the
heirs and administrators of H. D. Still, Sr., Mrs. Marian M.
Still answering separately.

   An order was made enjoining the creditors of H. D. Still,
Sr., deceased, from otherwise proceeding on their claims,
and requiring them to be proved in this action.   An order
was subsequently made requiring J. Emile Harley, Jr., Esq.,
as special referee, to call in creditors to prove their demands
by a certain day and referring it to him to take testimony.

   Under this order claims were filed by creditors, including
Read Phosphate Company and F. W. Wagener & Company.

These two creditors set up that the debts to them respectively owing by the intestate, H. D. Still, Sr., were contracted after the making of the deed of H. D. Still, Sr., to his wife and before its record, and that they had no notice thereof, and that with respect to their respective claims they are protected against this deed by the recording law.     A claim was presented by Leesville Cotton Oil and Fertilizer Company.

The case was heard by his Honor, Judge Sease, who made his decree.     An appeal was taken and exceptions, twenty-four in number, filed by Mrs. Marian M. Still.

One joint exception was filed by the F. S. Royster Guano Company, the Read Phosphate Company, and F. W. Wagener & Company.     Exceptions were filed by Leesville Cotton Seed Oil Mill Co.; exceptions were filed by C. F. Rizer.

The result of these various exceptions is to raise the following questions:

1. Did the Circuit Judge err in decreeing the deed of H. D. Still, Sr., to Mrs. Marian M. Still void against the claims of F. S. Royster Guano Company, Read Phosphate Company and F. W. Wagener & Company, as decreed?

2. Did the Circuit Judge err in holding that said deed was void as to the claims of Barrett & Doughty, Pope & Fleming and Southern States Phosphate and Fertilizer Company?

3. Did the Circuit Judge err in holding that when H. D. Still, Sr., made the deed in question to his wife, he had a fee simple title, which by this deed he conveyed to her?

4. Did the Circuit Judge err in not ordering the homestead in the lands in question set-off to the value of $1,000?

5. Did the Circuit Judge err in not ordering that the dower for Mrs. Marian M. Still be admeasured to her one-third of each tract for life, or one-sixth in fee as she may elect?

. 6. Did the Circuit Judge err in not allowing Mrs. Marian M. Still to participate in the proceeds of sale of the land

conveyed to her by the deed of H. D. Still, Sr., to the extent of $17,000, after setting off homestead and dower?

7. Is the Leesville Cotton Seed Oil Mill entitled now to change the proof of its claim and take the position claimed in its exceptions?

The most important and far-reaching exception as far as the practical results of this case is concerned is: "Did the Circuit Judge err in holding that when H. D. Still, Sr., made the deed in question to his wife he had a fee simple title, which, by this deed, he conveyed to her?" The bulk of the assets will come from this land if it is held that the Circuit Judge was correct in his finding.

H. D. Still owned in fee the other tracts, and as to the Aldrich tract the question is: Did he own it in fee or did he only have a life estate in it? The deed to the Aldrich tract was from Mrs. H. A. Patterson and Mrs. I. A. Holman, of date June 22, 1897, containing seventeen hundred and thirty acres, more or less, and duly recorded in proper office on July 5, 1897. This deed in the premises conveyed the life estate to H. D. Still, and the remainder to his wife, Marian M. Still. The language in the premises being as follows: "Together with all and singular, the rights, members, hereditaments, and appurtenances to the said premises belonging, or in anywise incident or appertaining, to H. D. Still, for life, then to Marian M. Still, her heirs, and assigns forever." There is no ambiguity in the wording of the deed and the intent of the grantors is plain that they intended to convey a life estate to H. D. Still, remainder in fee to his wife, Marian M. Still.

Both of the husbands of the grantors, Mrs. Patterson and Mrs. Holman, were most capable and learned lawyers, and the only inference can be drawn is that they knew what their wives were conveying and the character of the estate conveyed. There is nothing anywhere in the deed that can control and alter the deed to give it any other construction than that H. D. Still only had a life estate in the land con-

veyed and at his death his wife, Marian M. Still, took it in fee simple. H. D. Still was an estate for life and a vested remainder in his wife.

None of the cases relied on to sustain the construction of the Circuit Judge or authorities cited by him are sufficient to control the Court in sustaining his decree, and this exception is sustained.

As to the exceptions of the different parties which raise the points that the Judge was in error in decreeing the deed of H. D. Still, Sr., to Marian M. Still, void as against the claims of F. S. Royster Guano Company, Read Phosphate Company, F. W. Wagener Company, Barrett & Doughty, Pope & Fleming, and the Southern States Phosphate Company. These exceptions will be considered together.

We think these exceptions should be overruled, for the reasons assigned by the Circuit Judge, and for the additional reason that as far as H. D. Still, Sr., was concerned, he created a new debt when he assumed and guaranteed or endorsed the existing debts of his sons. He knew of the existence of a secret unrecorded deed the creditors did not. He induced the creditors to postpone the collection of debts due them by making himself liable, and by so doing created a new debt as far as he was concerned by his acts became a subsequent debtor.

As to the exceptions in reference to the Southern Phosphate Company and Fertilizer Company, his Honor was correct in decreeing as he did. They were in possession of notes apparently unpaid. Where a person is in possession of a note it is *prima facie* evidence of ownership, and the burden is on the maker to show to the contrary, or that it has been paid. *Coleman* v. *Dunlap,* 18 S. C. 594; *Stoddard* v. *Hill,* 38 S. C. 385, 17 S. E. 138; *Talbert* v. *Talbert,* 97 S. C. 148, 81 S. E. 644. These exceptions are overruled.

As to the exceptions to Circuit decree, as to dower and homestead: The deed being declared void as to creditors, it follows that the widow, Marian M. Still, is entitled to both homestead and dower, and is entitled to have it set-off in kind, if practicable, and if it can be done without manifest injury to the rights of others, and if it cannot be done then she is entitled to the homestead in money and a money sum assessed in lieu of dower.

As to the claim of the Leesville Cotton Seed Oil Company, we think the exception should be sustained. Still, Sr., gave the note and contracted the debt on February 19, 1911, and conveyed to his wife for love and affection in September, 1911, and such conveyance under such circumstances was null and void, as far as this creditor is concerned.

As far as the appeal of C. F. Rizer is concerned the Court having held that Mrs. Still has a fee simple title as far as the Aldrich tract is concerned, it is unnecessary to consider them, as his counsel stated that if this was done, Rizer and Mrs. Still could adjust matters between them, but in any event as far as other lands than Aldrich tract, the other creditors mentioned herein would have a preference in payment over Rizer or Mrs. Still, and we see no error in the ruling of his Honor in holding that Mrs. Still could not participate in the proceeds of the sale of land conveyed her by deed of H. D. Still, Sr., other than the Aldrich tract, which is adjudged hers, to the extent of $17,000 after setting off homestead and dower.

It is the judgment of this Court that the judgment of the Circuit Court be modified in accordance with the views herein indicated.

Judgment modified.