## 9626

### BARRETT & CO. v. STILL *ET AL.*

#### (91 S. E. 735.)

1. REFERENCE — SPECIAL MASTER — POWER — STATUTE.—In view of Civ. Code 1912, sec. 1379, authorizing appointment of special master in case of vacancy, and sec. 1380, prescribing the duties of a master, in a proceeding by creditors of the estate of an intestate decedent to declare fraudulent deed executed by decedent to wife, the appointment of a special master clothed him with all the powers of a regular master, and the decree of another Judge, who heard the argument on the report, that the master take further testimony and report amount of dower demandant was entitled to and make a sale, continued the special master in such capacity, and the fact that the sale did not occur at the time nominated in the decree did not deprive the special master of his jurisdiction to continue as such until the conclusion of the case.

2. REFERENCE—DOWER AND HOMESTEAD—FINDINGS—FAILURE TO OBJECT. —In an action by a creditor in behalf of itself and other creditors of the estate of an intestate decedent to set aside as fraudulent a deed executed by deceased to his wife, in which wife claims homestead and dower, where the decree did not direct the method to be used in determining homestead and dower, and the master adopted the usual course giving notice to the parties to select appraisers for that purpose, and plaintiff's attorney represented the creditor's class and selected an appraiser to determine homestead and dower, any other creditor is estopped to object to the action of the master.

3. REFERENCE—HOMESTEAD—FINDINGS—SUFFICIENCY OF EXCEPTIONS.—
Exceptions to the homestead appraisement, which do not contain any
evidence to establish the claim that the assessments were excessive
and wrongful, beyond the bare statement of that fact, will be over-
ruled.

4. REFERENCE — FINDINGS — ATTORNEY'S FEES — PREMATURE ESTABLISH-
MENT.—The action of the master in establishing the fees for plain-
tiff's attorney in advance of the sale of the property, and the actual
bringing into Court of the net funds realized therefrom, was pre-
mature, and an exception thereto will be sustained on the ground
that such services have not occurred.

Before DeVore, J., Barnwell, Fall term, 1915. Af-
firmed.

Action to have a deed declared fraudulent by Barrett &
Co. against H. D. Still and others. For judgment on for-
mer appeal, see 102 S. C. 19, 86 S. E. 204. Subsequently
proceedings were had to allot dower and assign homestead.
From the decree with reference to assignment of homestead
and allotment of dower, the plaintiff and defendants, F. S.
Royster Guano Company and others, appeal

The following is the decree of the Court below :

This matter comes before me on exceptions to proceedings
had by the special master, J. Emile Harley, Esq., *in re* home-
stead and dower of Marion M. Still, and fees fixed for Mr.
R. J. Southall, attorney for the plaintiffs herein.

The matter being on the calendar was, by consent, marked
"heard" and was argued before me at my chambers, in
Columbia, on December 16th, the attorney for the excepting
creditors being Mr. Mitchell, of the firm of Mitchell &
Smith; Mr. Nathans, of Nathans & Sinkler, representing the
F. S. Royster Guano Company, Read Phosphate Company,
and F. W. Wagener & Co., certain defendants; whilst the
plaintiff was represented by R. J. Southall, Esq.; and Mr
Simms and Mr. Mayfield, representing Mrs. Marion M.
Still, the claimant in homestead and demandant in dower.

The facts are as follows: The regular master for the county being disqualified, by consent, an order at chambers was signed by Judge Rice, on January 12, 1914, appointing J. Emile Harley, Esq., as special master, "to take all testimony in this cause and to report the same to the Court with all convenient speed, and that said master is hereby clothed with authority and powers conferred upon masters," and he was also required to call in creditors to prove their claims before him, etc.

This was done, and the case was argued before Judge Sease on the testimony reported, and, among other things, Judge Sease provided in his decree that the said special master or referee (which terms are convertible) "to take the testimony herein and report to the Court, the amount to which Mrs. Marion M. Still would be entitled for her right of dower in said lands; that he next pay to Mrs. Marion M. Still, H. D. Still, S. H. Still, and L. C. Still $1,000 in full settlement and discharge of the homestead exemption to which they are entitled as the sole heirs at law of the said H. D. Still, deceased."

An appeal was taken to the Supreme Court from Judge Sease's decree, and the same was modified by the Supreme Court in certain particulars, among which was that Mrs. Still was held to be entitled to both homestead and dower in kind, if practicable. Thereafter a reference was appointed by the special master, under the provisions of Judge Sease's order, as modified by the Supreme Court, to ascertain and report a reasonable compensation for R. J. Southall, Esq., plaintiffs' attorney, and also the selection and appointment, under the law, of appraisers to allot dower and homestead to Mrs. Still.

At this reference Messrs. Nathans & Sinkler, Mitchell & Smith, and James Simons, representing F. S. Royster Guano Company, Read Phosphate Company, and F. W. Wagener & Co., objected on the ground that they had not been sufficiently notified of the same, whereupon the special master

continued the reference, and notified the said attorneys of the continuance, until the 11th of October, 1915. At this reference the said attorneys did not appear, but Mr. Boulware, an attorney at the Barnwell bar, appeared, and on their behalf filed their objection to any action on the part of the special master, alleging that his jurisdiction had ceased with the expiration of the date fixed in the decree of Judge Sease, for making the said sale, and that he would be disqualified from taking any action until a new date had been fixed for the sale, and that the application to assess a fee for Mr. Southall, as plaintiff's attorney, was premature. This objection was overruled, and the special master proceeded with the reference, and testimony was offered as to the services rendered, and for the amount of fee for said plaintiffs' attorney.

The commissioners, who had been previously nominated and appointed, one on behalf of the plaintiff by plaintiffs' attorney, one by the defendant claimant, Mrs. Still, and the other by the special master, filed their report in homestead and dower, with the special master, together with their allotment and assessment, which in turn was filed with the clerk of Court by the master on the 16th of October, 1915, and notice given to said defendants by the special master. To this exceptions were served by the defendants, F. S. Royster Guano Company, Read Phosphate Company, and F. W. Wagener & Co., upon the special master and upon the attorneys for the various parties, alleging: (1) That there were no provisions in the decree of the Circuit Court or Supreme Court authorizing the special master or referee to appoint appraisers to set aside homestead or dower; (2) that the date for the sale, under Judge Sease's order, had expired, and no new order had been taken for another sales day, and that hence the special master had become *functus officio* and without authority to appoint appraisers; (3) that no authority was conferred by law on the present master or referee to appoint appraisers to admeasure dower. These excep-

tions were not filed with the clerk of Court by the said creditors, but do appear in the report of the special master.

After consideration of the matter, I am of the opinion, and so rule, that the appointment of the special master by Judge Rice, under the law, clothed him with all of the powers of a regular master, and that Judge Sease's decree continued him in that capacity to make the sale and to otherwise pass upon certain questions ordered by Judge Sease for his adjudication, and that the fact that the sale did not occur at the time nominated in the decree did not deprive this special master of his jurisdiction to continue as such until the conclusion of the case. Sections 1379, 1380, Civil Code.

There was no provision in the decree of the Court directing the method to be pursued in the determination of the homestead and dower, and the practicability of the same being set off in kind. He followed, therefore, the usual course in matters of this character, giving notice to the interested parties to select appraisers for that purpose.

All parties acquiesced in the appointment of the appraisers, except the defendants above mentioned. The plaintiffs' attorney selected, on behalf of the plaintiff, his appraiser. The defendant, Marion M. Still, claimant in homestead and dower, selected hers, and the special master appointed the third. The other creditors, defendants, refused to co-operate with the plaintiffs' attorney in the selection of an appraiser, but relied entirely upon the objection that the master had become *functus officio.* I am of the opinion, therefore, that the objection to the action of the master should be, and is, overruled, because the plaintiffs' attorney in charge of the litigation having acted on behalf of the creditors' class, any individual creditor is estopped by conduct in the objection to the action of the master.

The further objection that the homestead and dower assessment are excessive in value appear to have been served upon the attorneys in the case, but do not appear on the

original record as served by the said objecting attorneys upon the special master and by him filed with his report in the clerk's office.

It was held, in *Chaffee* v. *Ransey,* 54 S. C. 517, 32 S. E. 522, that exceptions to the homestead appraisement must be filed in the office of the clerk of Court within the limited time, and that service on the judgment debtor will not suffice; but, waiving, for the purposes of this decision, this point, there does not appear in the exceptions any evidence going to establish the claim that the assessments were excessive and wrongful beyond the bare statement of that fact in the exceptions. It is, therefore, ordered, that the exceptions to the appraisers' sworn report, accompanied by the plats, etc., be, and the same are hereby, overruled.

As to the remaining question raised by the objecting creditors, as to the amount of fees fixed for the plaintiffs' attorney, and that the action of the master in establishing these fees at this time, in advance of the sale of the property and the actual bringing into the Court the net funds realized therefrom, I am of the opinion that this question should be reserved, and that the action of the master in this particular was premature, and it is, therefore, ordered and adjudged, without expressing any opinion as found by the master as to the value of the services, but simply because the same had not yet occurred, that said exception be sustained.

*Messrs. James Simons, Mitchell & Smith* and *Nathans & Sinkler,* for appellant, cite: *As to assignment of dower and homestead:* 94 S. C. 492; Civil Code, secs. 3711, 3720, 3485 to 3493. *As to special master:* Secs. 1379, 1380; 76 S. C. 418; 83 S. C. 495; 43 S. C. 316; 28 S. C. 485.

*Messrs. Mayfield & Free,* for Mrs. M. M. Still, respondent, cite: *As to special master:* Civil Code, secs. 1373, 1379.

*Homestead:* Civil Code, sec. 3711.   *Dower:* Civil Code, sec. 3493.

*Mr. R. J. Southall,* for Barrett & Co., respondents.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of Hon. J. W. DeVore, Circuit Judge, made in this case.   This is the second appeal in the case.   The case is reported in 102 S. C. 19, 86 S. E. 204.

For the reasons stated by the Circuit Judge in his decree, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Judgment affirmed.